GREENBERG TRAURIG, LLP
GINGER H. PIGOTT (SBN 162908)
DENISE M. HARLE (SBN 275561)
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: (310) 586-7700
Facsimile: (310) 586-7800
Email:      pigottg@gtlaw.com, harled@gtlaw.com

Attorneys for Defendant
MEDTRONIC, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| MICHAEL CHAMPION,<br><br>              Plaintiff,<br><br>vs.<br><br>MEDTRONIC, INC., MEDTRONIC MINIMED, INC., and DOES 1 through 10, and each of them,<br><br>              Defendants. | CASE NO.<br><br>**NOTICE OF REMOVAL BY DEFENDANT MEDTRONIC, INC. UNDER 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>Complaint Filed:   September 3, 2014 |

DEFENDANT MEDTRONIC, INC.'S NOTICE OF REMOVAL
UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

Defendant Medtronic, Inc. ("Defendant") hereby removes to this Court the state court action described below. Removal is warranted under 28 U.S.C. §§ 1441(a)(b) and 1446 because this is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332. In support of removal, Defendant states as follows:

## BACKGROUND

1.     On or about September 3, 2014, Plaintiff Michael Champion ("Plaintiff") commenced this action by filing a complaint in the Superior Court of Los Angeles County, in the State of California, bearing case number BC556106. (*See* Ex. A [Compl.] hereinafter referred to as the "Complaint.")

2.     Defendant has not yet been served with a copy of the Complaint, but has obtained a copy of the Complaint on or about September 10, 2014. A copy of the Complaint is attached hereto as Exhibit "A."

3.     Defendant hereby files this Notice of Removal within thirty (30) days after said action became removable under the statutes cited above and within one year after commencement of this action.

4.     As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332(a)(1) because it is an action between citizens of different states in which the matter in controversy exceeds $75,000 exclusive of interest and costs, and Defendant has satisfied the procedural requirements for removal set forth in 28 U.S.C. § 1446.

## DIVERSITY OF PARTIES

5.     Based upon information and belief, Plaintiff is now and was at the time of the commencement of this action a citizen of Nevada. (*See* Ex. A [Compl.] at ¶ 6.)

6.     Defendant Medtronic, Inc. is now and was at the time Plaintiff filed this action a corporation organized and existing under the laws of the State of Minnesota, with its principal place of business in Minnesota. (*See* Ex. A [Compl.] at ¶ 2.) Thus, pursuant to 28 U.S.C. § 1332(c)(1), Defendant Medtronic, Inc. is not a citizen of the State of Nevada, and at no time relevant to Plaintiff's Complaint was Defendant Medtronic,

1

DEFENDANT MEDTRONIC, INC.'S NOTICE OF REMOVAL
UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

1  Inc. a citizen of the State of Nevada.  Further, Plaintiff alleges that Defendant Medtronic
2  MiniMed, Inc. at all times relevant was and is incorporated in the State of California,
3  with its principal place of business in California.  (*See* Ex. A [Compl.] at ¶ 3.)

4     7.     There exists complete diversity of citizenship in this action under 28 U.S.C.
5  § 1332(a) because Plaintiff is not a citizen of the state of which any other named
6  defendant is a citizen.  As outlined below in Paragraph 15, the citizenship of Medtronic
7  MiniMed, Inc. should not prevent the appropriate and timely removal of this action as it
8  has not yet been served as required by the plain language of 28 U.S.C. § 1441(b)(2).
9  Accordingly, all the jurisdictional requirements of removal are satisfied.

10                          **AMOUNT IN CONTROVERSY**

11     8.     Plaintiff's Complaint asserts the following causes of action:  Strict Product
12  Liability, Negligence, Breach of Duty to Warn, and Breach of Warranty.  (*See* Ex. A
13  [Compl.].)

14     9.     Plaintiff's Complaint alleges damages resulting from the alleged
15  malfunction of an insulin infusion pump used for the purpose of treating Plaintiff's
16  diabetes.  Plaintiff alleges the product "failed" by under-delivering insulin on multiple
17  occasions, which allegedly caused Plaintiff injuries and damages.  (*See* Ex. A [Compl.] at
18  ¶¶ 9-11, 13-14, 17.)

19     10.    Plaintiff's Complaint alleges he underwent hospitalization and other medical
20  treatment and has suffered wage loss, past and future medical expenses, loss of earning
21  capacity and general damages.  (*See* Ex. A [Compl.] at ¶¶ 10-11, 13, 22-23.)  Plaintiff's
22  Complaint alleges damages including "severe, serious, and permanent bodily injuries."
23  (Ex. A [Compl.] at ¶ 22.)

24     11.    Although the Complaint describes purportedly severe injuries and damages
25  caused by a product or products manufactured by Defendant, the Complaint does not
26  state the total amount in damages sought by Plaintiff.  "Where the [state court] complaint
27  does not demand a dollar amount, the removing defendant bears the burden of proving by
28  a preponderance of evidence that the amount in controversy exceeds [the jurisdictional

2

**DEFENDANT MEDTRONIC, INC.'S NOTICE OF REMOVAL**
**UNDER 28 U.S.C. §§ 1332, 1441, AND 1446**

limit]." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) (the district court may consider facts in the removal petition in determining the amount in controversy on removal).

12.     Here, Plaintiff's allegations in the Complaint demonstrate the amount in controversy requirement is satisfied.  For example, Plaintiff has alleged serious injuries, including the need for an ambulance trip, hospitalization, and endocrinological care.  (*See* Ex. A [Compl.] at ¶¶ 11, 13.)  Plaintiff seeks damages for wage loss, hospital and medical expenses, general damages, and loss of earning capacity, and permanent disability.  (*See* Ex. A [Compl.] at ¶¶ 22-23.)  It is thus facially apparent from the Complaint that Plaintiff's claims exceed $75,000.00.  *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (amount in controversy found to exceed the jurisdictional threshold because complaint alleged "damages for property, travel expenses, an emergency ambulance trip, a six-day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework after the hospitalization.").  As in *Luckett*, Plaintiff has sued for "severe, serious, and permanent bodily injuries."  (*See* Ex. A [Compl.] at ¶ 22.)  Plaintiff's Complaint actually alleges injuries worse than those in *Luckett* and alleges the presence of permanent disabilities as opposed to merely a "temporary inability to do housework."  Consequently, this Court can and should use its "judicial experience and common sense" in determining that it is facially apparent from the Complaint that Plaintiff's claims exceed $75,000.  *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010) ("a district court need not 'suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount.'").

13.     In alleging the amount in controversy for purposes of removal, Defendant does not concede in any way that the allegations in the Complaint are accurate or true, that Plaintiff is entitled to compensatory damages, lost wages, compensation for loss of

DEFENDANT MEDTRONIC, INC.'S NOTICE OF REMOVAL
UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

1 earning capacity, hospital and medical expenses, general damages or any other costs,

2 interest, or any other relief whatsoever.[1]

### ALL REMOVAL PROCEDURES ARE SATISFIED

4    14.    As required by 28 U.S.C. § 1446(b), this Notice of Removal is being filed

5 within thirty (30) days of receipt by Defendant of the initial pleading in the Superior

6 Court setting forth the claim for relief upon which this proceeding is based and which

7 establishes the right to remove this action to this Court. By filing this Notice of

8 Removal, Defendant does not waive any rights or defenses, and expressly reserve all

9 rights and defenses it may have with respect to Plaintiff's Complaint.

10    15.    Removal should not be prevented by the naming of an unserved California

11 defendant under the plain language of the requirements for removal. *See* § 1441(b)(2).

12 The local defendant rule codified in 28 U.S.C. § 1441(b)(2) only prohibits removal where

13 there is a forum defendant who has been "properly joined **and served**" (emphasis added).

14 Although Plaintiff's Complaint alleges that Medtronic MiniMed, Inc. is a California

15 corporation, because Medtronic MiniMed has not been served, the mere naming of this

16 forum defendant should not preclude removal. *See Regal Stone, Ltd. v. Longs Drug*

17 *Stores California, L.L.C.,* 881 F.Supp.2d 1123, 1128-9 (N.D. Cal. 2012) (denying motion

18 to remand where a local unserved defendant was named, confirming plain reading of

19 joined and served language, and noting a presumption of satisfaction with the language

20 "joined and served" based on Congress' failure to amend the joined and served language

21 of 1441(b)(2) as part of the Federal Courts Jurisdiction and Venue Clarification Act of

22 2011); *May v. Hass,* No. 2:12-cv-01791-MCE-DAD, 2012 WL 4961235, at *2 (E.D. Cal.

---

24  [1] Defendant notes it is not required to concede that Plaintiff is, in fact, entitled to recover
25  more than $75,000. *See Kelderman v. Remington Arms Co.*, 734 F. Supp. 1527, 1528
    (S.D. Iowa 1990) (rejecting a plaintiff's attempt to "place [a] defendant in the awkward
26  position of embracing a concession on the important issue of damages," to establish
27  jurisdiction, noting a "defendant need not go that far"). Indeed, Defendant specifically
    denies that Plaintiff is entitled to recover any damages in this case, and does not concede
28  that the measure or type of damages claimed by Plaintiff in this case are appropriate.

4

Oct. 16, 2012) (upholding removal and denying plaintiff's motion to remand, because at the time of removal, the forum defendant had not been "properly joined *and served*" as required by § 1441) (emphasis supplied); *Allen v. Eli Lilly & Co.*, 2010 WL 3489366, at *2 (S.D. Cal. Sept. 2, 2010) ("clear language" of statute allows removal before service of forum defendants); *Carreon v. Alza Corp.*, 2010 WL 539392, at *2 (N.D. Cal. Feb. 9, 2010) (following plain meaning of statute and finding nothing absurd about the result permitting removal when forum defendant had not been served); *Timmons v. Linvatec Corp.*, 2010 WL 2402918, at *1 (C.D. Cal. Jan. 24, 2010) (removal before service allowed forum defendant to be ignored), reconsideration denied, 2010 WL 2402924, at *1 (C.D. Cal. March 9, 2010) ("the plain language of the statute states that it only applies when the local defendants have been 'properly joined and served'"); *Haseko Homes, Inc. v. Underwriters Insurance Co.*, 2010 WL 358531, at *2 (S.D. Cal. Jan. 22, 2010) (removal proper where forum defendant not served; defendant may remove before being served); *cf. Spencer v. U.S. Dist. Court for N. Dist. of Cal.*, 393 F.3d 867, 870 (9th Cir. 2004) (under § 1441(b), post-removal joinder of forum defendant does not require remand, because "[c]hallenges to removal jurisdiction require an inquiry into the circumstances at the time the notice of removal is filed[, and] [s]ubsequent events, at least those that do not destroy original subject-matter jurisdiction, do not require remand").[2]

16.     Pursuant to 28 U.S.C. §1446(a), Defendant attaches a copy of all process, pleadings, and orders from the state court docket, as Exhibit A.

17.     Promptly after filing this Notice of Removal, Defendant will serve Plaintiff and file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, Los Angeles County, to effect removal of this action to the United States District Court, pursuant to 28 U.S.C. §1446(d).

---

[2] Defendant acknowledges there is not unanimous agreement as to this interpretation of the joined and served language. *See e.g. Massachusetts Mutual Life Insurance v. Mozilo*, 2012WL11047336 (C.D. Cal., June 28, 2012).

5

DEFENDANT MEDTRONIC, INC.'S NOTICE OF REMOVAL
UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

18.     Defendant hereby reserves the right to amend this Notice of Removal.

## INTRADISTRICT ASSIGNMENT

19.     Plaintiff filed this case in the Superior Court of the State of California for the County of Los Angeles.  Therefore, this case may properly be removed to the Western Division of the United States District Court for the Central District of California. *See* 28 U.S.C. §§ 1441(a) and 84(c)(2).

## NO ADMISSION

20.     Defendant does not concede in any way that the allegations in Plaintiff's pleading are accurate, or that Plaintiff is entitled to compensatory or statutory damages or any other relief.

* * * *

WHEREFORE, Defendant respectfully removes this action from the Superior Court of the County of Los Angeles, in the State of California, bearing Number BC556106, to this Court.

DATED:  September 12, 2014            GREENBERG TRAURIG, LLP


                        By     */s/ Ginger Pigott*
                                     Ginger H. Pigott
                                     Denise M. Harle
                                     Attorneys for Defendant, MEDTRONIC, INC.

6

**EXHIBIT A**

01:46:52 p.m. 09-02-2014    8
09/03/2014    12:58

FSC: 2-17-16
(FAX) ID: 3-3-16    P.008/015
OSC: 9-5-17

1  Kristy M. Arevalo, State Bar No. 216308
   McCUNEWRIGHT LLP
2  2068 Orange Tree Lane, Suite 216
   Redlands, California 92374
3  Telephone: (909) 557-1250
   Facsimile: (909) 557-1275
4
5  Attorneys for Plaintiff

A7360
9133593
DEPT # 93
(HON. GAIL FEUER)

**FILED**
Superior Court of California
County of Los Angeles

SEP 0 3 2014

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
        Dawn Alexander

6
7
8                SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                     FOR THE COUNTY OF LOS ANGELES
10
11  MICHAEL CHAMPION,                    Case No:  BC556106
12              Plaintiff,               Judge Assigned:
                                         Complaint Filed:
13      v.
                                         **COMPLAINT FOR MONEY DAMAGES**
14  MEDTRONIC, INC., MEDTRONIC MINIMED,
    INC., and DOES 1 through 10, and each of them,   (Strict Product Liability)
15                                       (Negligence)
                                         (Breach of Duty to Warn)
16              Defendants.              (Breach of Warranty)
17
18
19
20  Plaintiff, MICHAEL CHAMPION, hereby alleges on information and belief the following:
21                              I
22                    **GENERAL ALLEGATIONS**
23      1.    The true names and capacities of Defendants named herein as DOES 1 through 10,
24  inclusive, are unknown to Plaintiff who therefore sues said Defendants, and each of them, by such
25  fictitious names. Plaintiff will amend this Complaint to show said Defendants' true names and
26  capacities when the same have been ascertained. Plaintiff is informed and believes and based thereon
27  alleges that each of said fictitiously named Defendants is negligently or otherwise legally responsible in
28

RECEIPT #: CCH0162005
DATE PAID: 09/18
PAYMENT
RECEIVED
CHECK
CASH
CHANGE
$435.00
$0.00
$0.00
$0.00
$435.00
09:49 AM
310
CIT/CASE:
LER/DEF#:
BC556106

-1-

COMPLAINT FOR MONEY DAMAGES

1   some manner for the occurrences herein alleged and that Plaintiff's injuries and damages hereinafter

2   alleged were proximately caused by said negligence or other acts.

3          2.      Plaintiff is informed and believes and based thereon alleges that at all times herein

4   mentioned, Defendant MEDTRONIC, INC., was and is incorporated in the State of Minnesota, with its

5   principal place of business located at 710 Medtronic Parkway, Minneapolis, MN, and was and now is

6   authorized to do and is doing business in the State of California.

7          3.      Plaintiff is informed and believes and based thereon alleges that at all times herein

8   mentioned, Defendant MEDTRONIC MINIMED, INC., was and is incorporated in the State of

9   California, with its principal place of business located at 18000 Devonshire Street, Northridge, CA.

10   Defendants MEDTRONIC, INC. and MEDTRONIC MINIMED, INC. will hereinafter be collectively

11   referred to as "MEDTRONIC."

12          4.      Plaintiff is informed and believes and based thereon alleges that at all times herein

13   mentioned, Defendants DOES 1 through 10 were the agents, partners, servants, employees, aiders and

14   abettors, co-conspirators, and/or joint venturers of Defendants MEDTRONIC, INC. and MEDTRONIC

15   MINIMED, INC., and were acting within the course and scope of said agency, service, franchise,

16   distribution, and employment in the State of California.

17          5.      At all times relevant herein, Plaintiff MICHAEL CHAMPION was and is a resident of

18   Las Vegas, Nevada.

19          6.      Plaintiff, MICHAEL CHAMPION, is a 43-year-old male with type 1 diabetes.  In

20   November 2012, Mr. Champion was using a Medtronic Mini Med Paradigm Insulin Pump to deliver

21   insulin to treat his diabetes.

22          7.      On or about November 14, 2012, Plaintiff received a new Medtronic Mini Med Paradigm

23   Insulin Pump.  The pump, infusion set, and reservoirs were sent to Plaintiff from Medtronic Diabetes in

24   Northridge, California.

25          8.      On or about November 15, 2012, Plaintiff received training from MEDTRONIC

26   representative Tiffany Paulsen, in Las Vegas, Nevada.

27          9.      On or about November 17, 2012, Plaintiff changed the tubing of the pump and got a "No

28   Delivery" message on the pump.  After unsuccessfully trying to resolve the problem, Plaintiff called the

-2-

COMPLAINT FOR MONEY DAMAGES

1   MEDTRONIC toll-free customer service number and spoke with a MEDTRONIC representative. The

2   MEDTRONIC representative had Plaintiff run through various tests on the pump which did not resolve

3   the issue. She then told Plaintiff to change the tubing again and use a new site. Plaintiff complied with

4   the representative's instructions and then loaded a new vial of insulin and administered his prescribed

5   dose.

6        10.     On or about November 18, 2012, Plaintiff woke up feeling ill and checked his blood

7   sugar. It was high. Plaintiff then programmed his pump and administered the prescribed dose of

8   insulin. He then went to work as a flight attendant for Southwest Airlines. Plaintiff was scheduled for a

9   two day overnight trip from Las Vegas, Nevada, to Tampa, Florida, with a stopover in Denver,

10  Colorado. While in the air, Plaintiff became violently ill, vomiting multiple times. Plaintiff informed

11  the captain of the flight that he was ill and would not be able to continue on the trip. After the flight

12  landed in Denver, Colorado, Plaintiff was met by a supervisor and was able to sit down and check his

13  blood sugar. The reading was 496. The supervisor called an ambulance and Plaintiff was taken to The

14  Medical Center of Aurora, where he was hospitalized with diabetic ketoacidosis secondary to insulin

15  pump malfunction.

16       11.     While in the hospital, Plaintiff received insulin through an IV. On his second day in the

17  hospital, Plaintiff was told to try the Paradigm pump again. With a nurse's supervision, Plaintiff loaded

18  the insulin into the pump and administered a dose. Throughout the night, Plaintiff's blood sugar began

19  to go up and his treating doctor ordered the pump removed. Plaintiff started manual injections because

20  the pump was not working properly.

21       12.     On or about November 20, 2012, Plaintiff was released from the hospital and flown home

22  to Las Vegas, Nevada, to further recover.

23       13.     MEDTRONIC representative Tiffany Paulsen came to Plaintiff's home on the evening of

24  November 20, 2012, to inspect the defective pump. Ms. Paulsen repeatedly got a "No Delivery"

25  message on the pump and determined that the pump had not been delivering any insulin to Plaintiff. A

26  new pump was ordered and delivered, however, Plaintiff's treating endocrinologist prescribed manual

27  insulin and Plaintiff has been on manual insulin ever since.

28

-3-

COMPLAINT FOR MONEY DAMAGES

14.     On or about July 3, 2013, MEDTRONIC issued a recall of specified lots of MMT-326A reservoirs used with paradigm insulin pumps due to the reservoirs leaking, resulting in under-delivery of insulin. Plaintiff was using MMT-326A insulin reservoirs at the time that the pump failed and caused his injuries. The reservoirs Plaintiff was using when his pump failed were from Lot No. H8441420, which MEDTRONIC listed as a recalled lot.

15.     In the recall notice, MEDTRONIC notes that: **"Under-delivery of insulin can cause high blood sugar, which if untreated can lead to diabetic ketoacidosis (DKA). DKA is a serious condition that can cause a severe impact to health, including death. Symptoms of diabetic ketoacidosis may include nausea, vomiting, shortness of breath and excess thirst/urination. Seek medical attention immediately if you are experiencing any of these symptoms."**

16.     On or about June 7, 2013, MEDTRONIC also issued a recall for its Medtronic Mini Med Paradigm Insulin Infusion sets, including infusion set MMT-399. The Paradigm infusion sets are intended for use with Paradigm insulin infusion pumps. The recall was issued due to a "safety issue that can occur if insulin or other fluids come in contact with the inside of the tubing connector. If this occurs it can temporarily block the vents that allow the pump to properly prime. This can result in too much or too little insulin being delivered resulting in hypoglycemia or hyperglycemia which can be severe and lead to serious illness."

17.     Plaintiff was issued an infusion set by MEDTRONIC which was part of the recall. Specifically, Plaintiff was using infusion set MMT-399 when his Mini Med Paradigm pump failed.

## II

### FIRST CAUSE OF ACTION

### (Strict Product Liability – Against All Defendants)

18.     Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows.

19.     Plaintiff is informed and believes and based thereon alleges that Defendants MEDTRONIC and DOES 1 through 10, and each of them, designed, manufactured, researched, tested, assembled, installed, marketed, advertised, distributed, and sold the Medtronic Mini Med Paradigm Insulin Pump with Medtronic Reservoirs, specifically MMT-326A, Lot No. H8441420, and Medtronic

-4-

COMPLAINT FOR MONEY DAMAGES

1 | Mini Med Infusion Set MMT-399 (hereinafter referred to as the "PRODUCTS") that were used by

2 | Plaintiff to treat his Type I diabetes.

3 |     20.   At all times relevant hereto, MEDTRONIC knew that the PRODUCTS would be utilized

4 | by consumers without inspection for defects.

5 |     21.   At all times relevant herein, the PRODUCTS were defective in design, manufacture,

6 | assembly, materials selection, testing, marketing, research and installation, based on the failure of the

7 | PRODUCTS to maintain their integrity and perform their intended functions, as demonstrated under-

8 | delivery of insulin to Plaintiff, resulting in diabetic ketoacidosis.

9 |     22.   As a direct, legal, and proximate result of the defective condition of the PRODUCTS,

10 | Plaintiff has suffered severe, serious, and permanent bodily injuries and general damages in an amount

11 | to be proven at the time of trial.

12 |     23.   As a further direct, legal, and proximate result of the defective condition of the

13 | PRODUCTS, Plaintiff has suffered damages in the form of past and future medical expenses, past and

14 | future medical care, and past and future loss of earnings in an amount not yet ascertained but in excess

15 | of the jurisdictional minimum for this court, and in a sum to be proven at the time of trial.

16 | III

17 | **SECOND CAUSE OF ACTION**

18 | **(Negligence – Against All Defendants)**

19 |     24.   Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation

20 | set forth in the preceding paragraphs and further alleges as follows.

21 |     25.   Defendants MEDTRONIC and DOES 1 through 10, and each of them, owed a duty of

22 | care to Plaintiff to manufacture, assemble, design, test, research, market, advertise, and maintain the

23 | PRODUCTS free of defects. Said Defendants, and each of them, breached their duty of care to Plaintiff

24 | in that they negligently designed, manufactured, researched, tested, assembled, installed, marketed,

25 | advertised, distributed, sold, and maintained the PRODUCTS.

26 |     26.   Plaintiff further alleges, based on information and belief, that at all times relevant hereto,

27 | Defendants had possession and control of the PRODUCTS, and had a duty to inspect the PRODUCTS

28 | for defects prior to the use of the PRODUCTS by Plaintiff.

-5-

COMPLAINT FOR MONEY DAMAGES

27.     As a direct, legal, and proximate result of said negligence, Plaintiff has suffered severe, serious, and permanent bodily injuries and general damages in an amount to be proven at the time of trial.

28.     As a further direct, legal, and proximate result of said negligence, Plaintiff has suffered damages in the form of past and future medical expenses, past and future medical care, and past and future loss of earnings in an amount not yet ascertained but in excess of the jurisdictional minimum for this court, and in a sum to be proven at the time of trial.

## IV

## THIRD CAUSE OF ACTION

### (Beach of Duty to Warn – Against All Defendants)

29.     Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows.

30.     The PRODUCTS were defective in that MEDTRONIC and DOES 1 through 10, and each of them, failed to adequately warn, instruct, label, advise or inform users of the PRODUCTS of the inherent danger embodied in said PRODUCTS, including but not limited to the propensity of the PRODUCTS to under-deliver insulin and cause life-threatening injuries.

31.     The warnings that accompanied the sale of the PRODUCTS were defective, inappropriate and inadequate, in that they did not warn of the known dangers in the use of the PRODUCTS.

32.     As a direct, legal, and proximate result of said Defendants' failure to warn, Plaintiff has suffered severe, serious, and permanent bodily injuries and general damages in an amount to be proven at the time of trial.

33.     As a further direct, legal, and proximate result of said Defendants' failure to warn, Plaintiff has suffered damages in the form of past and future medical expenses, past and future medical care, and past and future loss of earnings in an amount not yet ascertained but in excess of the jurisdictional minimum for this court, and in a sum to be proven at the time of trial.

///
///
///

-6-

COMPLAINT FOR MONEY DAMAGES

## V

## FOURTH CAUSE OF ACTION

### (Breach of Warranty – Against All Defendants)

34.   Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows.

35.   At all times herein mentioned, Defendants MEDTRONIC and DOES 1 through 10, and each of them, expressly and impliedly warranted their PRODUCTS to be free from material defect, including, but not limited to defects in design, assembly, and manufacture.

36.   Said Defendants, and each of them, expressly and impliedly warranted to purchasers and users of the PRODUCTS that they were free from defects and were safe for their intended use.

37.   Plaintiff relied to his detriment upon the warranties and representations of said Defendants, and each of them.

38.   Said Defendants, and each of them, breached their expressed and implied warranty in that the PRODUCTS were not safe for their intended use, were defective, and were not merchantable.

39.   As a direct, legal, and proximate result of said breach of express and implied warranties, Plaintiff has suffered severe, serious, and permanent bodily injuries and general damages in an amount to be proven at the time of trial.

40.   As a further direct, legal, and proximate result of said breach of express and implied warranties, Plaintiff has suffered damages in the form of past and future medical expenses, past and future medical care, and past and future loss of earnings in an amount not yet ascertained but in excess of the jurisdictional minimum for this court, and in a sum to be proven at the time of trial.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.   For general damages according to proof, in an amount exceeding this court's jurisdictional minimum;

2.   For medical and related expenses according to proof;

3.   For loss of earnings according to proof;

4.   For prejudgment interest to the extent allowed by law;

5.   For costs of suit incurred herein; and

-7-

COMPLAINT FOR MONEY DAMAGES

09/03/2014   13:00                                      (FAX)                    P.015/015

6.      For such other and further relief as the court deems appropriate.

Dated: September 3, 2014                      McCuneWright LLP

By:  _Karevalo_
     Kristy M. Arevalo
     Attorneys for Plaintiff

-8-

COMPLAINT FOR MONEY DAMAGES

01:00:32 p.m. 09-03-2014    2

09/03/2014   12:56           (FAX)          P.002/015

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Kristy M. Arevalo, State Bar No. 216308<br>McCuneWright, LLP<br>2068 Orange Tree Lane, Suite 216<br><br>Redlands, CA  92374<br>TELEPHONE NO.: (909) 557-1250   FAX NO.: (909) 557-1275<br>ATTORNEY FOR *(Name):* Plaintiff | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>SEP 03 2014<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By _Dawn_ _Sta_ Deputy<br>Dawn Alexander |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA  90012
BRANCH NAME: Central District

CASE NAME: CHAMPION v. MEDTRONIC, INC., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited   [ ] Limited<br>(Amount    (Amount<br>demanded    demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **BC556106**<br>JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [X] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [ ] monetary b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* FOUR
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: September 3, 2014

Kristy M. Arevalo, State Bar No. 216308      _K Arevalo_
(TYPE OR PRINT NAME)                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET**   Legal<br>Solutions<br>Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |

01:46:52 p.m. 09-03-2014   3
09/03/2014   12:56                                    (FAX)                        P.003/015

| SHORT TITLE: CHAMPION v. MEDTRONIC, INC., et al. | CASE NUMBER | BC556106 |
|---|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [x] YES CLASS ACTION? [ ] YES LIMITED CASE? [ ] YES TIME ESTIMATED FOR TRIAL 5 [ ] HOURS/ [x] DAYS

Item II. Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons –<br>See Step 3 Above |
|---|---|---|
| Auto (22) | [ ] A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Uninsured Motorist (46) | [ ] A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Asbestos (04) | [ ] A6070 Asbestos Property Damage | 2. |
|  | [ ] A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| Product Liability (24) | [x] A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| Medical Malpractice (45) | [ ] A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
|  | [ ] A7240 Other Professional Health Care Malpractice | 1., 4. |
| Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | [ ] A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
|  | [ ] A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
|  | [ ] A7270 Intentional Infliction of Emotional Distress | 1., 3. |
|  | [ ] A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

*(left margin: Other Personal Injury/ Property Damage/ Wrongful Death Tort   © 6   Auto Tort)*

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4
LA-OV109

01:40:52 p.m. 09-03-2014    4

09/03/2014   12:57                                        (FAX)                        P.004/015

| SHORT TITLE: CHAMPION v. MEDTRONIC, INC., et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation    Number of parcels _____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

01:40:32 p.m. 09-03-2014    5

09/03/2014   12:57                                              (FAX)                      P.005/015

**SHORT TITLE:** CHAMPION v. MEDTRONIC, INC., et al.    | **CASE NUMBER**

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

01:46:32 p.m. 09-03-2014   0

09/03/2014   12:57                                                    (FAX)                    P.006/015

| SHORT TITLE: CHAMPION v. MEDTRONIC, INC., et al. | CASE NUMBER |
| --- | --- |

Item III. *Statement of Location:* Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☒8. ☐9. ☐10. | ADDRESS:   18000 Devonshire Street |
| --- | --- |
| CITY:<br>Northridge | STATE:<br>CA | ZIP CODE:<br>91325 |

Item IV. *Declaration of Assignment.* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _Stanley Mosk_ courthouse in the _Central_ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: 9/3/14 _____

_Karevalo_
(SIGNATURE OF ATTORNEY/FILING PARTY)
Kristy M. Arevalo

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4